# EXHIBIT "A"



VIA EMAIL AND REGULAR MAIL
dershaw@gmail.com

October 7, 2022

Terry P. Dershaw, Esquire
Chapter 7 Trustee
P.O. Box 556
Warminster, PA 18974-0632

Re: The Swarthmore Group 401(k) Profit Sharing Plan

Dear Mr. Dershaw:

We are pleased to confirm our understanding of the services we are to provide to The Swarthmore Group 401(k) Profit Sharing Plan (the "Plan") in connection with terminating the Plan.

**Background**
The Swarthmore Group Inc f/k/a The S Group Inc (the "Debtor" or "Swarthmore") filed for protection under Chapter 7 of the United States Bankruptcy Code on August 4, 2022 in the Eastern District of Pennsylvania (Case #22-12040). As a result of the Chapter 7 bankruptcy proceeding, and pursuant to 11 U.S.C. Sect. 704(11), the Trustee is responsible for the liquidation of the Plan's assets and termination of the Plan.

The Debtor is the Plan Sponsor for the Plan, Atlantic Pension Services Inc. ("APS") is the Third Party Administrator ("TPA"), and TD Ameritrade ("TD") is the Plan Asset Custodian and Record Keeper for the Plan. This engagement letter covers the procedures we will perform to assist you with terminating the 401k Plan.

We understand that as the Chapter 7 Trustee of the Debtor, you may be pursuing litigation against certain insiders who are Plan Participants. Since the Plan is a separate entity from the Bankruptcy Estate and the funds in the Plan are not the Bankruptcy Estate's property, the work that your office and we perform to terminate the Plan will not result in any conflicts.

**Scope of Services**
Bederson will assist you with terminating the Plan and ensuring that filing requirements are timely, which will include the following procedures:

Re: The Swarthmore Group 401(k) Profit Sharing Plan
Page 2

1. Examine the books and records of the Plan;

2. Prepare and mail notifications to Plan Participants advising them of the Sponsor's bankruptcy and the termination process;

3. Contact Participants and collect their distribution request forms;

4. Work with the Plan's TPA, Record Keeper and Plan Asset Custodian, to administer the Plan, oversee the drafting of any required Plan Amendments, and process Participant distribution requests;

5. Monitor the termination to ensure that all funds are appropriately distributed to participants who submit benefit distribution request forms;

6. Correspond with Participants to address their inquiries regarding termination issues;

7. Research Participant addresses and attempt to locate non-responding Participants;

8. Coordinate the roll-over of non-responding participant account balances into Individual Retirement Accounts;

9. Review the Plan's prior and current annual Form 5500 information returns and any other returns, schedules, or documents which are necessary or appropriate for the Plan to file with taxing authorities;

10. Obtain information from the Plan's record keeper and the Plan Asset Custodian necessary to prepare annual Forms 5500;

11. Review the Forms 5500 for 2022 and 2023 that the TPA prepares, and assist you with requesting prompt determinations with their filings;

12. Assist you in the preparation of any additional required reports and returns; and

13. Correspond with the Department of Labor ("DOL") and tax authorities and address any concerns they may have regarding the Plan's termination.

Because these procedures do not constitute an examination, audit or review, we will not express an opinion or conclusion on the termination of the 401k Plan. In addition, we have no obligation to perform any procedures beyond those to which you agree.

**BEDERSON**

Re: The Swarthmore Group 401(k) Profit Sharing Plan
Page 3

These procedures are not designed to detect instances of fraud or noncompliance with laws or regulations; however, should any such matters come to our attention, we will communicate them in accordance with professional standards and applicable law.

You agree to the procedures to be performed and acknowledge that they are appropriate for the intended purpose of the engagement.

You are responsible for the termination of the 401k Plan. In addition, you are responsible for providing us with (1) access to all information of which you or the appropriate party are aware that is relevant to the termination, (2) additional information that we may request from the appropriate party for the purpose of terminating the 401k Plan, and (3) unrestricted access to persons within the entity and TD from whom we determine it necessary to obtain information relating to performing those procedures.

**Fees**
Our fees for terminating the 401k Plan will be a flat fee of $20,000.00. In addition, APS will continue to be retained as the Plan's TPA, and it will charge a flat fee of $2,622.50. Accordingly, the total fees will be $22,622.50, which shall be paid from the 401k Plan's forfeiture account as an administration expense of the 401k Plan, and to the extent that the Plan's forfeiture account does not cover these fees they will be paid from Participants' account balances on a pro-rata basis. By signing this letter, you agree and authorize TD Ameritrade to immediately deduct these fees from the 401k Plan's forfeiture account and Participant balances, and pay Bederson LLP $20,000 and pay Atlantic Pension Services Inc. $2,622.50.

You agree to file a notice with the Bankruptcy Court that allows the parties who are noticed seven (7) days to object. We appreciate the opportunity to assist you and believe this letter accurately summarizes the significant terms of our engagement. If you have any questions, please let us know.

BEDERSON LLP

Re: The Swarthmore Group 401(k) Profit Sharing Plan
Page 4

If you agree with the terms of our engagement as described in this letter, please sign the enclosed copy and return it to us. If the need for additional procedures arises, or the procedures need to be modified, our agreement with you will need to be revised. It is customary for us to enumerate these revisions in an addendum to this letter. If additional specified parties of the report are added, we may require that they acknowledge in writing their agreement with the procedures performed, or to be performed, and their acknowledgment that the procedures are appropriate for their purposes.

Very truly yours,

BEDERSON LLP

Charles N. Persing
For the Firm

CNP:mmp

**RESPONSE:**
This letter correctly sets forth our understanding:

By: _____

Title: Terry Dershaw, Esq., Chapter 7 Bankruptcy Trustee of the Debtor

Date: _____

cc: Larry Kotler, Esq.
Christopher Phillipps
Atlantic Pension Services c/o Jenna Watson (the TPA)
Plan Participants
TD Ameritrade (the Plan Asset Custodian)
U.S. Department of Labor

I:\The Swarthmore Group Inc\Retirement Plans\Retention and Fees\2022.10.06 Termination of 401k Engagement

**BEDERSON**