## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| **THE SWARTHMORE GROUP, INC.,** | : | |
| **f/k/a THE S GROUP, INC.,** | : | |
| | : | Case No. 22-12040 (AMC) |
| Debtor. | : | |

### APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF BIELLI & KLAUDER, LLC AS SPECIAL LITIGATION COUNSEL TO THE CHAPTER 7 TRUSTEE PURSUANT TO 11 U.S.C. § 327(a)

TO:   THE HONORABLE ASHELY M. CHAN,
      UNITED STATES BANKRUPTCY JUDGE:

Terry P. Dershaw, Esquire (the "Trustee"), the court appointed chapter 7 Trustee for the estate of The Swarthmore Group, Inc., f/k/a The S Group, Inc. (the "Debtor"), respectfully requests that this Court enter an order, in substantially the form attached hereto as Exhibit B, authorizing and approving the Trustee's employment and retention of Bielli & Klauder, LLC ("B&K") as special litigation counsel to the Trustee (the "Application") pursuant to 11 U.S.C. § 327(a).[1] In support of this Application, the Trustee submits the Affidavit of Thomas D. Bielli, Esq. (the "Bielli Affidavit"), a true and correct copy of which is attached hereto as Exhibit A. In further support of this Application, the Trustee respectfully represents as follows:

---

[1] The Trustee acknowledges the split of authority as to whether special litigation counsel should be employed pursuant to 11 U.S.C. § 327(a) or 11 U.S.C. § 327(e). Given that B&K was not previously employed by the Debtor, the Trustee believes it more appropriate to proceed under 11 U.S.C. § 327(a). However, should the Court find it more appropriate to approve the Application under 11 U.S.C. § 327(e), the Trustee requests that the Application be approved, in the alternative, on that basis.

DM3\9249664.1

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding and this application is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief requested herein is section 327(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3. On August 4, 2022, the Debtor filed a voluntary petition seeking relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Court").

4. On August 4, 2022 (the "Appointment Date"), the Trustee was appointed as the chapter 7 Trustee for the Debtor and its estate.

5. In anticipation of the various tasks that the Trustee will need to accomplish during his tenure as chapter 7 Trustee, the Trustee decided to engage legal counsel to aid him in the administration of the estate.

6. By prior application to this Court, the Trustee retained Duane Morris, LLP ("DM") as counsel to the Trustee.

## RELIEF REQUESTED

7. By this Application, the Trustee desires and seeks authority to retain and employ B&K as his special litigation counsel in this chapter 7 case pursuant to section 327(a) of the Bankruptcy Code and Rule 2014 of the Bankruptcy Rules.

2

DM3\9249664.1

## BASIS FOR RELIEF REQUESTED

8. The Trustee respectfully submits that he requires special litigation counsel pursuant to § 327(a) of the Bankruptcy Code to perform the following services with respect to claims against certain creditors with which DM has conflicts and/or for which it would be more cost effective for B&K to perform such services under the terms of this Application (the "Special Counsel Claims"), *inter alia*:

   a. Review, analyze and/or prosecute certain turnover actions pursuant to Section 542 of the Bankruptcy Code (the "Turnover Actions");

   b. Review, analyze, and/or prosecute certain preferential and fraudulent transfers (the "Transfers") pursuant to section 547 of the Bankruptcy Code;

   c. advise the Trustee with respect to his rights, duties, and powers with respect to the Turnover Actions and the Transfers;

   d. review, analyze and respond, as necessary, to all applications, orders, statements, and schedules filed with the Court regarding the Turnover Actions and the Transfers;

   e. assist the Trustee in analyzing the claims of the Debtor's creditors and in negotiations with such creditors with respect to the Turnover Actions and the Transfers;

   f. assist the Trustee in his analysis and negotiations with the targets of the Turnover Actions and the Transfers, or any third party concerning matters related to the realization by creditors of a recovery on claims and other means of realizing value in this case;

   g. assist the Trustee in preparing pleadings and applications as may be necessary in furtherance of the Trustee's interests and objectives; and

   h. perform such other legal services as may be required and/or deemed to be in the interest of the Trustee in accordance with his powers and duties as set forth in the Bankruptcy Code.

9. The Trustee has selected B&K as his counsel with respect to the Special Counsel Claims because B&K has extensive experience and knowledge in the fields of debtors' and creditors' rights, general corporate law, debt restructuring and corporate bankruptcy matters, among others. As such, the Trustee believes that B&K is well qualified to represent him as special litigation counsel in this chapter 7 case.

10. Subject to Court approval in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules, compensation will be payable to B&K on a contingency fee basis, plus reimbursement of actual and necessary expenses incurred by B&K. B&K will open billing matters for categories of services in accordance with the U.S. Trustee guidelines.

11. B&K is willing to pursue the Special Counsel Claims on the basis of a contingency fee in the amount of one-third (1/3) of the net recovery of such Special Counsel Claims, after the reimbursement of any expenses incurred by B&K in the pursuit of such claims. B&K has agreed to obtain Trustee approval for any single expense in excess of $500.00 in connection with any Special Counsel Claims.

12. To the best of the Trustee's knowledge, B&K does not have any connection with the Debtor, its creditors, the United States Trustee or any other party in interest, or their respective attorneys, except to the extent set forth in the affidavit of Thomas D. Bielli sworn to on the 3rd day of January, 2023, a copy of which is annexed hereto as Exhibit A.

13. Of particular importance for this Application, B&K does not have any prior relationship with the entities against which the Special Counsel Claims may be asserted. Based upon its review of the parties in interest in this case, B&K believes it is disinterested.

## NO PRIOR APPLICATION

14. No previous application for the relief sought herein has been made to this or any other court.

**WHEREFORE**, the Trustee respectfully requests that this Court enter an order, substantially in the form annexed hereto as <u>Exhibit B</u>, granting her the authority to retain B&K as special litigation counsel to the Trustee in this case, and granting such other and further relief as may be just and proper.

Dated: January 5, 2023

        DERSHAW LAW OFFICES

        */s/ Terry P. Dershaw*

        Terry P. Dershaw, Esquire
        P.A. Bar ID. No. 27978
        P.O. Box 556
        Warminster, PA 18974-0632
        E-mail: dershaw@gmail.com
        Phone: (484) 897-0341

        *Chapter 7 Trustee for the Debtor's Estate*